IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                No. CR 14-1774 MCA

MAYRA REAL*,*

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Defendant's Motion for Continued Release *(Doc. 68)*. On March 2, 2015, Ms. Real pled guilty to an information charging her with possessing a mixture and substance containing methamphetamine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and of 21 U.S.C. § 841(b)(1)(C). *See Docs. 55-58, 63.* Defendant then orally moved that she be continued on the existing conditions for release rather than taken into custody until the time of sentencing. *See Doc. 23.* Because counsel presented a novel argument for the Court's consideration, Defendant's conditions for release were continued to provide an opportunity for briefing by the parties. Having reviewed both the motion and the Government's Response in Opposition *(Doc. 69),* the Court finds that the mandatory detention provisions of 18 U.S.C. § 3143 do apply in this case. Unfortunately, the Court is precluded from finding that the circumstances relied upon by Defendant constitute exceptional reasons

justifying continued release of Ms. Real until the time of her sentencing before Chief

District Judge Armijo.

Section 3143(a)(2) of Title 18 could not be clearer:

> The judicial officer <u>shall</u> order that a person who has been **found guilty** of an offense in a case described in subparagraph (A), (B), or **(C) of subsection (f)(1) of section 3142** and is awaiting imposition or execution of sentence be detained <u>unless</u>—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; <u>or</u>
>
>   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; <u>and</u>
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id.* (emphasis added). Defendant concedes that the crime to which she pled guilty falls

within those identified in Section 3142(f)(1)(C) – "an offense for which a maximum term

of imprisonment of ten years or more is prescribed in the Controlled Substances Act (<u>21</u>

<u>U.S.C. 801 et seq.</u>)."

The Court considered whether the statute's requirement that the defendant have

been "found guilty" implicates only a conviction following a trial. A review of the case law

revealed that an adjudication following a guilty plea suffices to trigger this provision. *See*

*e.g., U.S. v. Correia*, 2014 WL 1797837 (D. Mass. 2014). ("Manifestly, subpart (A)(i) is

inapplicable since Correia has pled guilty and the guilty plea has been accepted by the

Court. There is no likelihood of an acquittal or a new trial."); *U.S. v. Moffitt*, 527 F.

Supp.2d 474 (W.D.N.C. 2006) ("a defendant is "found guilty" after the magistrate judge

accepts the plea"); *but see U.S. v. Yanni*, 2010 WL 3522271 (D.Ariz. 2010) (the

detention mandate of § 3143(b)(2) does not apply when a magistrate judge merely *recommends* acceptance of guilty plea to the district judge).

Thus, with the Court's acceptance of Ms. Real's plea of guilty on March 2, 2015, Section 3143(a)(2)(A)(i) simply does not apply. Similarly, Section 3143(a)(2)(A)(ii) is also inapplicable because the Government has not recommended that no sentence of imprisonment be imposed.

Despite Section 3143's very clear and unambiguous language, Defendant contends that "as a first time drug offender who has been convicted of a drug distribution offense that does not carry a mandatory, minimum sentence, the provisions of 18 U.S.C. § 3143 simply do not apply to her. . . ." *Doc. 68* at 5. In essence, Defendant argues that mandatory detention is required only for ***"serious"*** drug offenders who face a mandatory minimum sentence of imprisonment. Defendant maintains that with a guilty plea to only a (C)-level drug trafficking offense, Defendant "is not remotely close to the type of violent criminal or drug kingpin whom Congress envisioned would be [automatically] detained" following an adjudication of guilt. *Doc. 68* at 7.

Defendant relies on Section 3143(a)(1)'s direction that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence*, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment*, be detained." *Id.* (emphasis added). This reliance <u>ignores</u> the immediately preceding phrase of Section 3143(a)(1) – *"Except as provided in paragraph (2). . ."* – which clearly applies in this case.

3

Moreover, Section 994 of Title 18 is entitled "Duties of the Sentencing Commission." Defendant then specifically calls attention to subsection (j), which states:

> The Commission shall insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense, and the general appropriateness of imposing a term of imprisonment on a person convicted of a crime of violence that results in serious bodily injury.

As noted by the Government, "this statute is not the applicable guideline promulgated for individuals in Real's situation; indeed it is not a guideline at all." *Doc.69-1* at 2. In fact, the Government represents that the applicable guideline in the instant case recommends a sentence between 87 and 109 months imprisonment. *Id.*

Simply put, the Court rejects Defendant's argument. Moreover, Ms. Real's outstanding compliance with the conditions of pretrial release cannot form the basis of "exceptional circumstances" under 18 U.S.C. § 3145(c) that would justify continued release pending sentencing. Similarly, the physical therapy needs for Ms. Real's healing broken elbow to not rise to the level of an exceptional reason for continued release. The Court is constrained to find that Ms. Real is subject to detention now that she has been adjudged guilty of this drug trafficking crime.

Wherefore,

IT IS HEREBY ORDERED that Defendant Real voluntarily report to the U.S. Marshal no later than Wednesday, April 15, 2015 to be taken into custody until the time of her sentencing.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE